MR. JUSTICE HARRISON
dissenting:
I respectfully dissent. While I recognize that both the Coburn case and the Brecht case have been part of our case law for several years and that at least one legislature has had the opportunity to change the law established in these opinions, I feel now, as I did when I dissented to those opinions, that we were establishing bad law.
Here, we have a private citizen, who in no way can be considered an agent of the State, turning over evidence to the State that she had procured in an assumed trespass on her neighbors’ property. She had no other interest than to enforce the law, and her act of turning over the evidence to the sheriff’s office is different from that of Hillis in the Coburn case, where Hillis had a previous agreement with the police to get the evidence from his employee’s pocket. I believe under the facts here Coburn is clearly distinguishable.
Prior to Brecht and Coburn the purpose of the exclusionary rule was to guarantee that the State and its authorized representatives would observe an individual’s constitutional rights. The rule was to protect the individual from illegal police activity. It did not encompass illegal searches by private individuals, its basic purpose, as stated above, was to deter police activity and thereby guarantee the purity of the judicial process. Once we extend the exclusionary rule to private persons, as we are doing here, said extensions can and will extend the rule beyond any logical purpose. For these reasons I would reserve the District Court’s order of suppression and send the case to trial.